# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF THE LABORERS'  :
DISTRICT COUNCIL CONSTRUCTION        :
INDUSTRY PENSION FUND                :          CIVIL ACTION NO.
PO Box 37003                         :
Philadelphia, PA 19122               :
                                     :
LABORERS' DISTRICT COUNCIL           :
CONSTRUCTION INDUSTRY PENSION FUND   :
PO Box 37003                         :
Philadelphia, PA 19122               :
                                     :
BOARD OF TRUSTEES OF THE LABORERS'   :
DISTRICT COUNCIL HEAVY AND HIGHWAY   :
CONSTRUCTION HEALTH AND WELFARE FUND :
PO Box 37003                         :
Philadelphia, PA 19122               :
                                     :
LABORERS' DISTRICT COUNCIL           :
HEAVY AND HIGHWAY                    :
CONSTRUCTION HEALTH AND WELFARE FUND :
PO Box 37003                         :
Philadelphia, PA 19122               :
                                     :
BOARD OF TRUSTEES OF THE LABORERS'   :
DISTRICT COUNCIL BUILDING AND        :
CONSTRUCTION HEALTH AND WELFARE FUND :
PO Box 37003                         :
Philadelphia, PA 19123               :
                                     :
LABORERS' DISTRICT COUNCIL           :
BUILDING AND CONSTRUCTION HEALTH     :
AND WELFARE FUND                     :
PO Box 37003                         :
Philadelphia, PA 19123               :
                                     :
                                     :
BOARD OF TRUSTEES OF THE LABORERS'   :
DISTRICT COUNCIL PREPAID LEGAL SERVICES :
FUND                                 :
PO Box 37003                         :
Philadelphia, PA 19122               :
                                     :

LABORERS' DISTRICT COUNCIL PREPAID :
LEGAL SERVICES FUND :
PO Box 37003 :
Philadelphia, PA 19122 :
:
BOARD OF TRUSTEES OF THE LABORERS' :
DISTRICT COUNCIL EDUCATION AND TRAINING/ :
APPRENTICESHIP :
FUND :
501 Lancaster Pike :
Exton, PA 19341 :
:
LABORERS' DISTRICT COUNCIL EDUCATION :
AND TRAINING/ APPRENTICESHIP FUND :
501 Lancaster Pike :
Exton, PA 19341 :
:
BOARD OF TRUSTEES OF THE LABORERS' :
DISTRICT COUNCIL LABORERS-EMPLOYERS :
COOPERATION AND EDUCATION TRUST :
501 Lancaster Pike :
Exton, PA 19341 :
:
LABORERS' DISTRICT COUNCIL LABORERS' :
EMPLOYERS COOPERATION AND EDUCATION :
TRUST :
665 North Broad Street, 4th Floor :
Philadelphia, PA 19123 :
:
CONTRACTORS' ASSOCIATION OF :
EASTERN PENNSYLVANIA :
1500 Walnut Street, Suite 1105 :
Philadelphia, PA 19102 :
:
GENERAL BUILDING CONTRACTORS' :
ASSOCIATION :
36 S. 18th Street :
Philadelphia, PA 19103 :
:
LABORERS' DISTRICT COUNCIL REGIONAL, :
STATE AND LOCAL HEALTH AND SAFETY FUND :
PO Box 37003 :
Philadelphia, PA 19122 :
:
THE LABORERS' DISTRICT COUNCIL :
OF THE METROPOLITAN AREA OF :

PHILADELPHIA AND VICINITY,                          :
LABORERS' INTERNATIONAL UNION OF NORTH              :
AMERICA                                             :
665 N. Broad Street                                 :
Philadelphia, PA 19123                              :
                                                    :
                                                    :
ALAN R. PARHAM, FUND ADMINISTRATOR                  :
665 NORTH BROAD STREET, 2nd FL.                     :
PHILADELPHIA, PA 19123                              :
                                                    :
                                                    :
                        Plaintiffs                  :
          v.                                        :
                                                    :
PEOPLES & SONS, LLC                                 :
510 WEST 22ND STREET                                :
CHESTER, PA 19013, and                              :
                                                    :
JOHN DOE SURETY                                     :
                                                    :
                   Defendants                       :

## COMPLAINT

Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against PEOPLES & SONS, LLC (hereafter referred to as "Defendant Employer"), and John Doe Surety (hereafter referred to as "Surety"). In support of their claims, Plaintiffs aver as follows:

## THE PARTIES

1.      The Laborers' District Council Construction Industry Pension Fund ("Pension Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("the LMRA"), 29 U.S.C. §186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3). The Board of Trustees of the Pension Fund ("Pension Fund Trustees") manages and controls the Pension Fund. The Pension Fund Trustees

3

are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Pension Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.      The Laborers' District Council Heavy and Highway Construction Health and Welfare Fund ("H&H Health and Welfare Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the H&H Health and Welfare Fund ("H&H Health and Welfare Fund Trustees") manages and controls the H&H Health and Welfare Fund. The H&H Health and Welfare Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The H&H Health and Welfare Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the H&H Health and Welfare Fund and its participants and beneficiaries.

3.      The Laborers' District Council Health and Welfare Fund ("Health and Welfare Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Health and Welfare Fund. The Health and Welfare Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Health and Welfare Fund Trustees, individually

and collectively, bring this action in their fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

4.      The Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Legal Services Fund. The Legal Services Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., § 1132(a)(1)(3). The Legal Services Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

5.      The Laborers' District Council Education and Training/Apprenticeship Fund ("Training Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Training Fund ("Training Fund Trustees") manages and controls the Training Fund. The Training Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Training Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Training Fund and its participants and beneficiaries.

6.      The Laborers' District Council Laborers' Employers' Cooperation and Education Trust ("LECET Fund") is a trust fund established and maintained

pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the LECET Fund ("LECET Fund Trustees") manages and controls the LECET Fund. The LECET Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The LECET Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of LECET Fund and their participants and beneficiaries.

7.      The Laborers' Philadelphia Area Local Health and Safety Fund ("Heath and Safety Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) for the purpose of providing health and safety benefits through qualified health and safety benefit programs. Plaintiff Board of Trustees of the Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Health and Safety Fund. The Health and Safety Fund Trustees are fiduciaries of the Health and Safety Fund and the Health and Safety Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Health and Safety Fund and its participants and beneficiaries.

8.      Except for the Health and Safety Fund, each of the aforementioned Funds is a "multi-employer plan" under ERISA, 29 U.S.C. §1002(37). Each of the aforementioned Funds maintains its principal place of business in Philadelphia, PA, with the exception of the Training Fund, which maintains its principal place of business in Exton, PA. The aforementioned Funds will be hereinafter referred to collectively as the "Funds." The Funds which are employee benefit plans under

ERISA, 29 U.S.C. §1002(3), will be hereinafter referred to collectively as the "ERISA Funds".

9.    Alan R. Parham, 665 N. Broad Street, 2nd Floor, Philadelphia, PA 19123 is the administrator of the Funds.

10.    The Contractors Association of Eastern Pennsylvania ("CAEP") is an association of construction industry contractors and service providers. The CAEP sponsors and manages the CAEP Industry Advancement Program ("CAEP IAP") which is funded by contributions required under the Collective Bargaining Agreement between the CAEP and the Laborers' District Council.

11.    The General Building Contractors Association ("GBCA") is an association of construction industry contractors and service providers. The GBCA sponsors and manages the GBCA Industry Advancement Program ("GBCA IAP") which is funded by contributions required under the Collective Bargaining Agreement between the GBCA and the Laborers' District Council.

12.    The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("the Union" or "Laborers' District Council") is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

13.    The Union's Political Action Committee fund (hereafter "PAC") is funded by employers' deductions of wages from all employees covered by the Agreement and contributions are made to the Laborers' District Council PAC.

14.    Defendant Employer is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a),

and ERISA, 29 U.S.C. §1002(5). Defendant Employer's last known address is 501 West 22nd Street, Chester, PA 19013 (Delaware County).

15.    Upon information and belief, there may be a surety as of yet unidentified and referred to herein as John Doe Surety which is a corporation which regularly conducts business in Pennsylvania.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over the causes of action alleging a violation of ERISA pursuant to ERISA, 29 U.S.C. §§1132(a)(3), (d)(1) & 1145. This Court has jurisdiction over the causes of action alleging a violation of LMRA pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. §1367(a) because the state law claims derive from the same common nucleus of operative facts as Plaintiffs' federal law claims.

17.    Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. §185(a) and 29 U.S.C. §1132(e)(2). The above-identified Funds are administered in said judicial district and, pursuant to 28 U.S.C. §1391, substantial parts of the events giving rise to the claims (e.g. performance of the covered work/ projects) are believed to have occurred within this judicial district. In addition, upon information and belief, the parties regularly conduct business within this judicial district.

## COMMON FACTS

18.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17.

19.     The aforementioned Funds are created and administered pursuant to the terms of the Trust Agreements that are properly executed pursuant to state and local law.

20.     Since at least March 18, 2016 to date, Defendant Employer was signatory to, or otherwise bound by, a collective bargaining agreement, and any applicable amendments and extensions, between the CAEP and the Laborers' District Council which sets forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant Employer. See e.g. Exhibit A (hereafter generally referred to as the "CAEP CBA").

21.     Since at least March 18, 2016 to date, Defendant was signatory to, or otherwise bound by, a collective bargaining agreement, and its amendments and extensions, between the GBCA and Concrete Contractors' Association Classification Building and General Construction and the Laborers' District Council which sets forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant. See e.g. Exhibit B (hereafter generally referred to as the "GBCA CBA").

22.     The CAEP CBA and GBCA CBA (hereafter referred to collectively as the "Agreements") automatically renew from year to year unless each party gives notice in writing to the other party ninety (90) days prior to the expiration of the term, or of any extended term. To date, neither Plaintiffs nor Defendant Employer have given such notice of intention to terminate.

23.     Defendant Employer also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust

Agreements"), pertaining to Plaintiff Funds and incorporated into the Agreements. Throughout this Complaint, references to the Agreements include and incorporate the related Trust Agreements.

24.     Pursuant to the Agreements and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Associations and the Union covering all work performed within the trade and geographic jurisdiction of the Union, Defendant Employer is required to remit reports, contributions, and deductions due for all hours of work performed by its employees under the Agreements in the preceding month to the Plaintiffs. As of this date, Defendant Employer is delinquent in its obligations to remit reports, contributions, and deductions under the GBCA CBA, at least for the period September 1, 2018 to the present.

25.     Pursuant to the Agreements, related Trust Agreements, delinquency policy, and/or applicable law, Plaintiffs are entitled to an audit of Defendant Employer, e.g., to inspect and make copies of any and all records of the Employer pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and all other records relevant to, and of assistance in determining whether the Employer's obligations thereunder to make payments to the Fund Depository were faithfully performed.

26.     Perry N. Blackman, CPA, engaged in an audit of Defendant Employer. He prepared an audit report dated December 12, 2018 in which he reported amounts due from Defendant Employer to Plaintiffs totaling $499,453.10

for the audited period of January 1, 2017 to August 31, 2018. This includes principal of $497,653.10 and an $1,800.00 audit fee. A copy of the Audit Report is attached hereto as Exhibit C.

27.     Despite written notice and repeated demands for the delinquent amounts due for the audited period, Defendant Employer has failed to pay the Plaintiffs the full amount due.

28.     Defendant Employer has failed to identify any bonds that may apply to this delinquency.

29.     Pursuant to the Agreements, related Trust Agreements, delinquency policy, and/or applicable law, Defendant Employer also agreed to pay and owes the Plaintiffs accrued interest at rate provided in the applicable CBA, liquidated damages, costs of suit and audit, and attorneys' fees and costs. As of December 10, 2018, Defendant Employer is also delinquent in paying the interest it owes for prior delinquent payments, at least $9,926.15, as set forth in the report attached hereto as Exhibit D. Pursuant to the Agreements, interest continues and has continued to accrue daily.

30.     Defendant Employer also owes the Plaintiffs liquidated damages which, under applicable law and the collective bargaining agreements, Trust Agreements, and/or delinquency policy, are at least 10% of the principal.

31.     Defendant Employer will also owe the Plaintiffs any audit fees necessary to ascertain additional amounts owed through judgment.

32.     Because Defendant Employer violated its reporting obligations under the Agreements, the Plaintiffs have been forced to incur additional administrative

and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

33.    As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages, and penalties remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions had been remitted by Defendant Employer in a timely fashion.

34.    These economic losses impair, or may impair, the Funds' ability to provide benefits to Defendant Employer's employees and to employees of other companies that have paid their contributions.

35.    Plaintiffs are prejudiced by the failure of Defendant Employer to timely pay the delinquent amounts.

36.    Defendant Employer's continued violation of the Agreements irreparably injures the Funds.

**COUNT ONE**
**CAEP ERISA CLAIM**

37.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-36.

38.    Defendant Employer has failed to make reports, contributions, and deductions to the Plaintiff ERISA Funds in violation of 29 U.S.C. §1145.

39.    Defendant Employer owes the Plaintiff ERISA Funds covered by the CAEP CBA accurate remittance reports, unpaid contributions, and deductions, as well as accrued interest, liquidated damages, audit costs, and attorneys' fees and costs.

40.     Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiff ERISA Funds to seek equitable enforcement of the terms of the Agreements.

**WHEREFORE,** Plaintiff ERISA Funds request this Court grant the following relief:

(a)     that judgment be entered against Defendant Employer and in favor of all Plaintiff ERISA Funds covered by the CAEP CBA, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiff ERISA Funds before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action; and

(b)     order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)     such other legal or equitable relief as this Court may deem appropriate.

**COUNT TWO**
**GBCA ERISA CLAIM**

41.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-40.

42.     Defendant Employer has failed to make reports, contributions, and deductions to the Plaintiff ERISA Funds in violation of 29 U.S.C. §1145.

43.     Defendant Employer owes the Plaintiff ERISA Funds covered by the GBCA CBA accurate remittance reports, unpaid contributions, and deductions, as well as accrued interest, liquidated damages, audit costs, and attorneys' fees and costs.

44.     Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiff ERISA Funds to seek equitable enforcement of the terms of the Agreements.

**WHEREFORE,** Plaintiff ERISA Funds request this Court grant the following relief:

> (a)     that judgment be entered against Defendant Employer and in favor of all Plaintiff ERISA Funds covered by the GBCA CBA, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiff ERISA Funds before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions, and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions, or (ii)

liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action; and

(b)     order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)     such other legal or equitable relief as this Court may deem appropriate.

### COUNT THREE
### BREACH OF CAEP CBA

45.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-44.

46.     Defendant Employer has failed to make accurate and complete remittance reports, contributions, and deductions to the Plaintiffs as required by the CAEP CBA and therefore owes the Plaintiffs the reports, contributions, and/or deductions as well as audit fees, accrued interest, liquidated damages, and attorneys' fees and costs.

47.     Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the CAEP CBA is a breach of contract and is subject to § 301 of the LMRA, 29 U.S.C. § 185(a).

48.     The Plaintiffs covered by the CAEP CBA have been damaged by the failure of the Defendant Employer to make contributions and

deductions and submit accurate remittance reports as required by the Agreement.

**WHEREFORE,** Plaintiffs request this Court grant the following relief:

(a)    that judgment be entered against Defendant Employer and in favor of all Plaintiffs covered by the CAEP CBA in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and

(b)    order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)    such other legal or equitable relief as this Court may deem appropriate.

**COUNT FOUR**
**BREACH OF GBCA CBA**

49.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-48.

50.     Defendant Employer has failed to make accurate and complete remittance reports, contributions, and deductions to the Plaintiffs as required by the GBCA CBA and therefore owes the Plaintiffs the reports, contributions, and/or deductions as well as audit fees, accrued interest, liquidated damages, and attorneys' fees and costs.

51.     Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the GBCA CBA is a breach of contract and subject to § 301 of the LMRA, 29 U.S.C. § 185(a).

52.     The Plaintiffs covered by the GBCA CBA have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreement.

WHEREFORE, Plaintiffs request this Court grant the following relief:

(a)     that judgment be entered against Defendant Employer and in favor of all Plaintiffs covered by the GBCA CBA in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiffs before, during

17

and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and

(b)     order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)     such other legal or equitable relief as this Court may deem appropriate.

## COUNT FIVE
## CAEP AND UNION THIRD PARTY BENEFICIARY CLAIM

53.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 52 as if set forth in their entirety herein.

54.     The CAEP and the Union are intended third party beneficiaries of the Agreement.

55.     Defendant Employer was required under the terms and conditions of the Agreement to remit reports, contributions, and/or deductions to the CAEP, the CAEP IAP, the Union, and/or the PAC.

56.     Defendant Employer's failure to make the required timely reports, contributions, and/or deductions and its failure to comply with its obligation to send remittance reports to the Plaintiffs that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of

contract and the CAEP and/or the Union have been deprived of the benefit flowing therefrom to which they are entitled.

**WHEREFORE,** Plaintiffs CAEP and the Union request this Court enter judgment in their favor and against Defendant Employer and order that Defendant Employer cooperate with an independent payroll audit conducted by the Plaintiffs' agent and enter judgment against Defendant Employer and in favor of the CAEP and the Union in the amount of total unpaid contributions and deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the CAEP and the Union before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and that the Court award the CAEP and the Union such other legal or equitable relief as this Court may deem appropriate.

### COUNT SIX
### GBCA AND UNION THIRD PARTY BENEFICIARY CLAIM

57.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 56 as if set forth in their entirety herein.

58.     The GBCA and the Union are intended third party beneficiaries of the Agreement.

59.     Defendant Employer was required under the terms and conditions of the Agreement to remit reports, contributions, and/or deductions to the GBCA, the GBCA IAP, the Union, and/or the PAC.

60.     Defendant Employer's failure to make the required timely reports, contributions, and/or deductions and its failure to comply with its obligation to send remittance reports to the Plaintiffs that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and the GBCA and/or the Union have been deprived of the benefit flowing therefrom to which they are entitled.

**WHEREFORE,** Plaintiffs GBCA and the Union request this Court enter judgment in their favor and against Defendant Employer and order that Defendant Employer cooperate with an independent payroll audit conducted by the Plaintiffs' agent and enter judgment against Defendant Employer and in favor of the GBCA and the Union in the amount of total unpaid contributions and deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the GBCA and the Union before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and that the Court award the GBCA and the Union such other legal or equitable relief as this Court may deem appropriate.

## COUNT SEVEN
## BOND CLAIMS AGAINST JOHN DOE SURETY

61.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 60 as if set forth in their entirety herein.

62.     Upon information and belief, Defendant Employer was the contractor and performed work on projects within the trade and geographical jurisdiction of the Agreements during the period of at least January 1, 2017 through the present.

63.     Defendant Employer's employees provided labor on such projects covered by the Agreements.

64.     Benefit contributions comprised a portion of Defendant Employer's costs under the Agreements on the projects.

65.     One or more payment bonds may have been issued relating to the work of Defendant Employer's employees on such projects.

66.     Such bonds likely guarantee the payment of labor on one or more of the projects.

67.     Defendant Employer has not yet disclosed any surety on one or more of such projects.

68.     Upon discovery of the surety and applicable bonds, Plaintiffs intend to give further notice of their claims under the bonds to the surety.

69.     The surety has failed to pay the amounts due to Plaintiffs under the applicable bond(s).

70.     Plaintiffs are claimants under the bonds for payments that were to be paid to the Plaintiffs for work performed by Defendant Employer's employees who worked on the projects and all interest and amounts due by law. The employees of Defendant Employer furnished and performed labor on the projects. The Plaintiffs are also representatives of said employees and assignees of claims against the bonds with respect to payments that were to be paid to the Plaintiffs for work

performed by Defendant Employers' employees on such projects pursuant to the Agreements.

71.    Upon information and belief, the Surety shall owe the Plaintiffs monies for unpaid labor in an amount to be determined at trial for payments owed to the Plaintiffs for labor performed by Defendant Employer's employees on such projects and all interest and other amounts due by law.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against the surety for all amounts determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit, together with all interest due by law and such other legal or equitable relief as this Court may deem appropriate.

## COUNT EIGHT
## <u>DEMAND FOR AUDIT</u>

72.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-71.

73.    The Agreements, related Trust Agreements, and delinquency policies authorize the Trustees' auditors to audit the Employers bound by the Agreements.

74.    Unless an updated audit of Defendant Employer is performed, Plaintiffs will not have sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant Employer's delinquency through judgment.

**WHEREFORE**, Plaintiffs request the Court:

(a)     To order Defendant Employer, its officers, employees, representatives, and/or agents to permit an audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the absence of said records, to cooperate fully in alternative method(s) for the determination of work for which contributions are due; and

(b)     To grant such other relief as this Court deems just, necessary, and appropriate.


**SUSANIN WIDMAN & BRENNAN, PC**


Date: 12-18-18                    By: _Mariellen Bello_____

Mariellen Bello, Esquire
Attorney I.D. No. 60375
656 East Swedesford Road, Suite 330
Wayne, PA  19087
Tel: 610 710-4510
mbello@swbcounsellors.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Mariellen Bello, Esquire, do hereby certify that on this 18th day of December, 2018, I caused a true and correct copy of the foregoing Amended Complaint to be served upon the following persons by U.S. mail, postage prepaid:

>   Secretary of Labor
>   200 Constitution Avenue, NW
>   Washington, DC 20224

>   and

>   Secretary of Treasury
>   1500 Pennsylvania Avenue, NW
>   Washington D.C. 20220

And that on the date below I caused a true and correct copy of the foregoing document that I filed electronically with the Court today to be served via the Electronic Court Filing system upon the following:

Date: 12-18-18

Mariellen Bello